# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD H. GREEN,**

                **Plaintiff,**

**-vs-**                              **Case No. 6:07-cv-460-Orl-18GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following mandate:

| | |
|---|---|
| **MANDATE:** | **AUGUST 2, 2010 JUDGMENT ISSUED AS MANDATE ON SEPTEMBER 27, 2010 BY THE ELEVENTH CIRCUIT COURT OF APPEALS**<br>**(Doc. No. 36)** |
| **FILED:** | **September 27, 2010** |

**THEREON** it is **RECOMMENDED** that the Court issue an order consistent with the mandate as set forth below and permit Mr. Culbertson to charge and collect from Plaintiff the sum of $1,778.32.

### I. BACKGROUND.

    On March 5, 2007, Plaintiff and his counsel entered into a contingency fee agreement whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 24-2. On December 7, 2007, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further

1

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 18. On March 19, 2008, Plaintiff's counsel was awarded attorneys' fee in the amount of $4,399.19 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 21.

On April 14, 2009, Plaintiff's counsel, Richard A. Culbertson, received notice of Plaintiff's award for past-due benefits in the amount of $29,221.00. Doc. Nos. 24 at ¶ 2, 24-3. On April 17, 2009, Mr. Culbertson filed a motion requesting Authorization to Charge a Reasonable Fee and Memorandum of Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (the "Motion") requesting authorization to charge Plaintiff a net amount of $2,005.25 as a reasonable fee. Doc. No. 24. On April 20, 2009, Mr. Culbertson notified (the "Notice") the Court that the Commissioner of Social Security (the "Commissioner") would not oppose the Motion if Mr. Culbertson agreed to reduce the net amount he would receive as a reasonable fee to $1,778.32. Doc. No. 25 at 1. Mr. Culbertson stated that he agreed to reduce the net reasonable fee sought to $1,778.32. *Id*.

On July 27, 2009, the undersigned entered a report and recommendation that the Motion be granted in part and denied in part. Doc. No. 26. The undersigned recommended that the Motion be denied in part because Mr. Culbertson was requesting a "net" fee award. Doc. No. 26 at 3-4. The undersigned also recommended that the Court direct Mr. Culbertson to refund to Plaintiff the EAJA fees. Doc. No. 26 at 6. On August 20, 2009, the Court entered an order adopting, over Mr. Culbertson's objection (Doc. No. 27), the undersigned's report and recommendation. Doc. No. 31. On October 9, 2010, the Plaintiff filed a Notice of Appeal. Doc. No. 32.

On August 2, 2010, the United States Court of Appeals for the Eleventh Circuit reversed and remanded the case to this Court pursuant to its holding in *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010). Doc. No. 36 at 3-4. The Eleventh Circuit stated:

> In *Jackson*, we held that the EAJA Savings Provision does not mandate a specific procedure for refunding the smaller of the two attorneys' fees when a prevailing claimant recovers fees under both the EAJA and 42 U.S.C. § 406(b). 601 F.3d at 1272. Thus, we reversed the district court, which had held that the EAJA Savings Provision required it to award the full 25% of a claimant's past-due benefits in order to require the attorney to refund the EAJA feed. The district court made the same error here in denying Culbertson's request to deduct the EAJA fee from his § 406(b) fee and award him the difference. *Jackson* made plain that "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request." *Id*. at 1274.

Doc. No. 36 at 3-4. On September 27, 2010, the Eleventh Circuit issued a mandate to this Court. Doc. No. 36 at 1, 5.

## II.     **LAW**.

Section 406(b) provides the following in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See* 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

### III. ANALYSIS.

#### A. Fee Awards Under Section 406(b) and EAJA.

Mr. Culbertson seeks attorney's fees of $1,778.32 (representing 25% of past-due benefits which equals $7,305.25, minus $4,399.19 in EAJA fees, minus an additional $1,127.74 as agreed by the parties) as a reasonable fee. Doc. Nos. 24 at 1-2, 25 at 1. In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. April 2, 2010), the Eleventh Circuit held:

> Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.

*Id.* at 1274. Therefore, the Court may award counsel a reasonable fee under Section 406(b) less the amount the of the EAJA fee. Such an award is commonly referred to as a "net" fee award.

### B. Reasonableness of Contingent Fee.

To evaluate an attorney's Section 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

In *Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's

> representation and the results achieve. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id.* at 1363. Courts in the Middle District of Florida have adopted this analysis. *See McKee v. Commissioner of Social Security*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453 at *5 (M.D. Fla. Sept. 20, 2008); *Whitaker v. Commissioner of Social Security*, Case No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777 at *2-3 (M.D. Fla. Oct. 23, 2008).

The Contingent Fee Agreement shows that Plaintiff was aware of and agreed to pay attorneys' fees equal to twenty-five percent of the total of past-due benefits ultimately awarded. Doc. No. 24-1 at 1. Mr. Culbertson's net fee request is less than twenty-five percent of the total of past-due benefits awarded to Plaintiff. The Commissioner does not object to the fees requested. See Doc. No. 25. After reviewing the results obtained, the Motion, the Contingent Fee Agreement, the undersigned recommends that the Court find the attorneys' fees requested are reasonable.

**IV.     CONCLUSION.**

Based on the forgoing and in accordance with the Eleventh Circuit's mandate, it is **RECOMMENDED** that the Court:

1. Authorize Mr. Culbertson to charge and collect from Plaintiff the sum of $1,778.32; and

2. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved

party from attacking the factual findings on appeal. If the parties have no objection they may promptly file a joint notice of no objection.

**RECOMMENDED** in Orlando, Florida on October 12, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Unrepresented Parties